THOMAS HARRIS AND LUKE MOORE *vs.* A. H. COLE.

An *appeal* is the only proper method whereby to bring up a decree in Chancery to this Court, for review and revision.    A *Writ of Error* will not lie in such case.

Writ of Error to Circuit Court for Columbia county, to reverse a decree in Chancery.

*Mr. McCants*, for Plaintiff in Error.

*Mr. Hagner,*.for Defendant in Error.

DOUGLAS, Ch. J., delivered the following opinion :

This is a suit in Chancery which was brought up from the Circuit Court of Columbia County by a writ of error, and a motion is now made on behalf of the defendant to dismiss it, on the ground that a writ of error will not lie in such a case.

This is the same ground upon which the case of Richard Bradford, administrator of Leigh Read, deceased, *vs.* Wm. Marvin and N. M. Martin, was dismissed on a former day of the present term of this Court, and the motion must therefore prevail for the reasons assigned in that case, to which however we deem it proper to add another, not then adverted to, but which we consider material, viz : The difference between the objects and purposes of a writ of error and an appeal.

The object of a writ of error is to review and correct an error of law, which is not amendable or cured at common law, by some of the statutes of amendment and jeofails. 3 Bl. Comm., 405 ; 1 Bac. Abr. title Error ; 2 Saunders, 46, note 6 ; Graham's Pr. B., 4 ; 1 Tidd's Pr. Chap., 43.

Tomlin in his law Dict., 647, says " The writ of error only lies upon matter of law arising on the face of the proceedings, so that no evidence is required to substantiate or support it," and Bro. P. C., 515 is cited.

" The writ lies (says Viner) when a man is grieved by any error in the foundation, proceedings, judgment or execution, and thereupon it is called " *breve de errore corrigendo*." 9 Viner's Abr., 473, letter A., title Error.

Thomas Harris and Luke Moore *vs.* A. H. Cole.

An appeal is defined to be the removal of a cause from the sentence of an inferior to a superior Judge. The United States *vs.* Wonson, Jun., 1 Gallison's Rep., 13 ; or as Blackstone has expressed it, 4 Comm., 312 : "A complaint to a superior Court of an injustice done by an inferior one." Its object is to review the whole case upon its merits. An appeal differs from proceedings in error under which the errors alleged to have been committed in the proceedings are examined, and if any have been committed the first judgment is reversed because in the appeal, the whole case is examined and tried as if it had not been tried before. 1 Bouvier's L. Dict., 114 ; Sergeant's Const. law article, upon Courts of the United States, page, 50 ; Conn. *vs.* Penn, 5 Wheat. Reps., 424.

Of course we do not here allude to the appeal in cases at law provided for by our statute, (Thompson's Digest, 446 ; Duval's Comp., 108,) which it has uniformly been held only brings up the errors in the proceedings, in the same manner as would a writ of error. And so Mr. Justice Story held under a statute of Massachusetts similar to ours, on that subject above cited. After an able review of the question in which he refers to the various statutes of that State, relating to the matter, and to numerous authorities he says: "I am clearly of opinion that an appeal in a common law suit from a District Court removes error of law only, for the consideration of this (Circuit) Court."

Our remarks are intended to shew that according to our view of the law, an appeal is the only proper method whereby to bring up a decree in Chancery to this Court, for review and revision, and when thus brought up, the whole case is before the Court for that purpose.

In the case of Anderson and Thompson *vs.* Biddle, 9 Missouri Rep., 580, it was expressly ruled that "a writ of error will not lie to a decree in Chancery."

The motion is therefore sustained and the case dismissed.

*Per Curiam.*